WILLIAMS, J.
hThe defendant, Reginald J. Thomas, was charged by amended bill of information with aggravated second degree battery, a violation of LSA-R.S. 14:34.7. After a bench trial, the defendant was found guilty of a lesser included offense, second degree battery, a violation .of LSA-R.S. 14:34.1. The trial court sentenced the de *347 fendant to a prison term of three years, with all but one year suspended, and two years of supervised probation. For the reasons that follow, we affirm the defendant’s conviction. However, we vacate his sentence and remand the matter for imposition of a determinate sentence.
FACTS
On April 22, 2005, the defendant and Arthur Bates had a verbal altercation at the Silver Dollar, a small complex of buildings which houses a restaurant in Coushatta. The argument soon escalated, and a “scuffle” ensued. At some point, both men fell to the floor. After the men were separated, the defendant was asked to leave the restaurant. He left the building, but remained in the parking lot. Bates remained in the restaurant for a short time. Shortly after Bates exited the restaurant, witnesses observed him “staggering across the parking lot,” and the defendant was seen nearby holding a beer bottle. Bates soon fell to the ground and lost consciousness. One witness testified that he saw the defendant push Bates, who fell and struck his head.
When the authorities arrived at the scene, Bates was lying unconscious in a pool of blood. He was transported to a hospital where he was diagnosed with severe injuries to his brain.
[aThe defendant was arrested and charged with aggravated battery. The bill of information was subsequently amended, and the defendant was charged with aggravated second degree battery. Following a trial, the defendant was convicted of a lesser included offense, second degree battery, in violation of LSA-R.S. IkMl.[1] The trial court sentenced the defendant to serve three years in prison, with all but one year suspended, and two years of supervised probation. The trial court did not specify whether the prison sentence was to be served with or without hard labor. The defendant appeals his sentence, contending it is constitutionally excessive.
DISCUSSION
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with LSA-C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, 2004-0834 (La.3/11/05), 896 So.2d *348 57, 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,-111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
In this case, prior to imposing a sentence, the court discussed several factors which were listed in the pre-sentence investigation report. The court noted that the defendant was 46 years old at the time of sentencing. The court also noted that the defendant was a second felony offender, who had been previously convicted of distribution of marijuana.
Responding to the sentencing guidelines, the court noted that there was significant permanent injury and economic loss to the victim. The court found that, based on the severe damage to the victim, any lesser sentence would deprecate the seriousness of the offense. As mitigating factors, the court noted that the defendant was a functioning member of society who has been working at the same place of employment for 15 years, and he has not been persistently involved in similar offenses.
Second degree battery carries a penalty of imprisonment, with or without hard labor, for not more than five years, a fine not more than $2,000, or both. The trial court imposed a sentence of three years, with all but one year suspended. The defendant is a second felony offender with a prior conviction of distribution of marijuana, and the pain and suffering caused to the victim is irreparable. The record does not demonstrate that the sentence imposed is grossly disproportionate to the severity of the offense or that it is shocking to our sense of justice. For this reason, we do not find the sentence to be constitutionally excessive.
|,.ERROR PATENT
In accordance with LSA-C.Cr.P. art. 920, all appeals are reviewed for errors patent on the face of the record. A review of the record herein reveals one error patent.
The sentencing transcript reveals the trial court did not state whether the sentence was to be served with or without hard labor. However, the minutes of sentencing show the trial court ordered the sentence to be served at hard labor. A review of the sentencing transcript reveals that the trial court stated:
... Mr. Thomas ... I’m going to confine you to the Department of Corrections for a period of three years. I’m going to suspend two of the three-year sentence. So, that will be one year. I’ll give you credit for any time you may have served [a]nd have you on two years supervised probation.
*349 When there is a conflict between the transcript and the minutes, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). As stated above, the sentencing provision for the offense for which the defendant was convicted provides for the sentence to be imposed either with or without hard labor. Because the trial court failed to state whether the sentence is to be served with or without hard labor, the sentence is indeterminate and contrary to LSA-C.Cr.P art. 879.[2] See, State v. White, 35,235 (La.App.2d Cir.10/31/01), 799 So.2d 1165. Therefore, we must vacate the defendant’s sentence and remand this matter for the imposition of a determinate | fisentence wherein the trial court shall specify whether the sentence is to be served with or without hard labor.
CONCLUSION
For the foregoing reasons, we affirm the defendant’s conviction. His sentence is vacated and the matter is remanded to the trial court for resentencing as specified in this opinion.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.

. LSA-R.S. 14:34.1 provides:
Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury.
For purposes of this article, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
Whoever commits the crime of second degree battery shall be fined not more than two thousand dollars or imprisoned, with or without hard labor, for not more than five years, or both.

. LSA-C.Cr.P art. 879 provides:
If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence.