986 So.2d 826 (2008)
STATE of Louisiana, Appellee
v.
Jeremy John ROBICHAUX, Appellant.
No. 43,259-KA.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
*827 Carey J. Ellis, III, Louisiana Appellate Project, for Appellant.
J. Schuyler Marvin District Attorney, John M. Lawrence, Joseph A. Gregorio, Assistant District Attorneys, for Appellee.
Before BROWN, STEWART and LOLLEY, JJ.
STEWART, J.
The defendant, Jeremy John Robichaux, was convicted of indecent behavior with a juvenile. He was sentenced to five years at hard labor, two years suspended, with active, supervised probation upon the defendant's release to run concurrent with his parole. The defendant now appeals. For the reasons set forth below, we affirm the defendant's conviction, vacate his sentence, and remand the matter for resentencing.

FACTS
On March 8, 2007, the state filed a bill of information charging the defendant with attempted indecent behavior with a juvenile committed on January 8, 2007, for sending an electronic textual communication depicting lewd or lascivious conduct to a person he believed to be a female under the age of 17 with the intent of arousing or gratifying his sexual desires. When the matter came for arraignment on March 13, 2007, the defendant entered a plea of not guilty. On July 3, 2007, an amended bill of information upgrading the charge to indecent behavior with a juvenile was filed and the defendant entered a guilty plea thereto in exchange for the state's agreement to dismiss an obscenity charge pending under a separate docket number. A presentence investigation was ordered. The trial court suggested that, in the interim, the defendant obtain a mental health investigation.
The defendant's sentencing took place on October 8, 2007. After reviewing the PSI and favorable correspondence from the defendant's mother, brother and employer, the court sentenced the defendant to imprisonment at hard labor for five years, two years suspended, and "place[d][him] on active supervised probation on [his] release to run concurrently with our [sic] parole." Special conditions of the defendant's probation included a monthly supervision fee of $55, compliance with the sex offender registration laws, lack of access to a computer, refraining from drug and alcohol use, participation in a substance abuse program and enrollment and completion of a sex offender counseling program.
The instant appeal followed.

DISCUSSION
The defendant argues that the sentence imposed by the trial court is indeterminate because no duration for the defendant's probation was specified by the trial court.
When a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence. La C. Cr. P. art. 879.
Under La. C. Cr. P. art. 893(A), a court, after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole. However, the statute further provides that the period of probation shall be specified and shall not be less than one year nor more than five *828 years. If the probationary period is not specified and is indeterminate, the sentence imposed should be vacated and the case remanded in accordance with La. C. Cr. P. art. 893. State v. Sedlock, 2004-564 (La.App. 3d Cir.9/29/04), 882 So.2d 1278.
For the offense of indecent behavior with a juvenile, the trial court imposed a sentence of five years at hard labor, two years suspended, with active, supervised probation upon the defendant's release to run concurrent with any parole. The sentence imposed by the trial court is indeterminate because no duration for the defendant's probation was specified. The state also conceded that the period of the probation was not specific.
The trial court placed the defendant on probation as of the date of his release, but failed to specify the duration of the defendant's probation. We cannot assume the trial court's intention for the length of the probationary period to be for the remainder of the defendant's five-year sentence. The requirements for a determinate sentence and for specifying the period of probation preclude inferring that which is not expressed. Since the probation portion of the sentence was not specified, the trial court imposed an unspecified and indeterminate sentence. The case shall be remanded for resentencing specifying the period of probation in accordance with La. C. Cr. P. art. 893. Therefore, this assignment of error has merit.
In his second assignment of error, the defendant argues that the hard labor term of his sentence is excessive based on the mitigating factors. As we have already determined that this sentence must be vacated, this assignment of error is moot and the discussion on this subject is pretermitted. On remand the trial court judge will resentence the defendant, and if the defendant believes that the sentence imposed upon remand is excessive, he will have the right to appeal that sentence.
This assignment is therefore without merit.

CONCLUSION
For the aforementioned reasons, we affirm the defendant's conviction, vacate his indeterminate sentence and remand the matter for resentencing where the trial court shall specify the period of probation in accordance with La. C. Cr. P. art. 893.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.
BROWN, Chief Judge, dissents with written reasons.
BROWN, Chief Judge, dissenting.
Although an awkward sentence, it is legal and determinate. The period of supervised probation coincides with the term of parole. The sentence is also not excessive. Under the circumstances, to reverse and remand is somewhat frivolous.