LOLLEY, J.
I,This criminal appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana, where a jury convicted the defendant, Antwon Ledeale Thompson, of: attempted second degree murder, a violation of La. R.S. 14:27 and 14:30.1; second degree kidnapping, a violation of La. R.S. 14:44.1A(S) and B(3); and, attempted aggravated burglary, a violation of La. R.S. 14:27 and 14:60: Thompson appeals his convictions, but urges no assignments of error. Appellant’s counsel filed a motion to withdraw, together with a brief pursuant' to Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). For the reasons stated herein: Thompson’s convictions are affirmed; the sentences for attempted second degree murder and attempted aggravated burglary are affirmed; and, the second degree kidnapping sentence is vacated and remanded to the trial'court for resentencing. The motion to -withdraw by his appellate counsel is granted; ■■ '
•'Facts ■ - ■ .
On June 25, 2012, Antwon Ledeale Thompson was charged by bill of information with attempted, second degree -murder, second degree kidnapping, and aggravated burglary. Counsel was appointed, and Thompson pled not guilty.
Following pretrial motions and discovery, a two-day jury trial commenced with both the victim and Thompson, among other witnesses, testifying.. The jury considered all the. evidence and found Thompson guilty as charged of attempted second degree murder and.second.degree kidnapping, by a vote of, 10-2. The jury found Thompson guilty of the | .¿responsive verdict of attempted aggravated burglary by a vote of 11-1. The jury was polled at Thompson’s request. .
Subsequently, Thompson filed a motion for new trial and motion for post-verdict judgment of acquittal. The trial court denied both motions, and seiitencéd Thompson as follows: 40 years’ imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for the conviction of attempted second degree murder; 40 years’ imprisonment at hard labor, with at least two years imposed without benefit of parole, probation, or suspension of sentence as to the conviction of second-degree kidnapping; and, 15 years’, imprisonment at hard labor for the conviction of aggravated burglary. All sentences are to be served concurrently.
Thompson filed a motion to reconsider sentence, arguing the sentence was exces *1060 sive. His motion was denied by the trial court. Thompson then filed a motion for appeal, which the trial court granted. The Louisiana Appellate Project was appointed to represent Thompson. Appellant’s counsel. filed an Anders brief and a motion to withdraw, alleging there exist-no nonfrivo-lous issues to raise on appeal. This Court issued an order holding the motion to withdraw in abeyance and extended the pro se briefing deadline. The Louisiana Appellate Project filed a motion to enroll additional counsel for Thompson and waived oral argument: To date, no pro se brief or any other brief on Thompson’s behalf has been received. As such, pursuant to La. C. Cr. P: art. 920, the appeal record will be reviewed for errors patent only. .
^Discussion
Thompson’s appellate counsel, citing An-ders, supra,' has filed a brief asserting he has thoroughly' reviewed the trial court record and cannot find any nonfrivolous issues to ■ raise on appeal. In order to ensure indigent defendants receive adequate representation, the Supreme Court of Louisiana has adopted a procedure to provide the reviewing court with a basis for determining whether appointed counsel, to the best of their ability, have fully performed their duty to support the indigent clients’ appeals and assist reviewing courts in making the critical determination whether the appeal is indeed so frivolous that counsel, should be permitted to .withdraw. State v. Mouton, 1995-0981 (La.04/28/95), 653 So.2d 1176, 1177, citing, State v. Benjamin, 573 So.2d 528, 529 (La.App. 4th Cir.1990). This procedure requires counsel to raise issues from the record which “arguably” support the appeal and forward a copy of the brief and motion to withdraw to the appellant, who is given an opportunity to file a brief. Then the appellate court must decide if the appeal is wholly frivolous and act on counsel’s motion to withdraw. Id.
Thompson’s • appellate ‘ counsel’s brief outlines the facts of this case, the procedural history, and the actions of the trial court. Counsel notes in his brief a sentencing error, but after a conscientious review of the record found no rulings of the trial court to challenge. Further, counsel verifies by certificates of service that he mailed copies of the motion to withdraw and appellate brief to Thompson, in accordance with Anders, supra; Mouton, supra; and, State v. Jyles, 1996-2669 (La.12/12/97), 704 So.2d 241.
|4In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Randle, 49,952 (La.App.2d Cir.06/24/15), 166 So.3d 465, 471. The appellate court does not assess the credibility of witnesses or reweigh evidence and the reviewing court áccords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Finley, 49,184 (La.App.2d Cir.08/13/14), 146, So.3d 962, 964.
During the trial, the victim’s testimony, along with the testimony of other witnesses, provided adequate details to support the essential elements of the crimes for which Thompson was charged. Thompson testified .that he was walking past the victim’s home when he heard a scream, went into the house, and found the victim bloody and beaten on her bed, Thompson claimed his fingerprints were on the wood because he moved it from blocking the doorway. He asserted his clothes .were bloody from helping the victim, and he could, not remove the duct tape from her because he put on gloves that he found in her bathroom. Thompson did not know why he put on gloves.
The victim'testified when she arrived home on her lunch break, Thompson was *1061 hiding in her closet and attacked her with a 3-foot-long piece of wood. Medical records indicated she was hit approximately 12 times in the-head. The arresting officer testified • that he chased Thompson down and caught, him, covered in blood, trying to hide under a nearby | Bhouse. Further, Thompson had in his pocket an ornate key, which was later found to belong to a clock that was inside the victim’s home.
The jury chose to believe the events as related by the victim and rejected Thompson’s account of the incident. ■ The Anders brief provides a detailed recitation of the testimony at trial, and a review of the record reveals nothing to undermine the decision of the jury in this case. We are in agreement with appellate counsel that there exist no nonfrivolous issues and .no rulings which arguably support an appeal. The bill of information was in proper ,.form and signed by an assistant district attorney. The record reflects that Thompson was present at all critical stages of his prosecution and was afforded adequate representation throughout.
ERRORS Patent
Pursuant to La. C. Cr. P. art. 920, all appeals are reviewed for. errors patent on the face of the record. After reviewing the record, we find one error patent concerning Thompson’s sentence for second degree kidnapping.
A trial court is required to impose a determinate sentence. La. C. Cr. P. art. 879; State v. Thomas, 41,060 (La.App.2d Cir.06/28/06), 935 So.2d 345, 349. The sentencing provision for second degree kidnapping'requires that at least two years of the sentence be served without probation, parole, or suspension of sentence. La. R.S. 14:44.1(C).
In considering Thompson’s second degree kidnapping conviction, the 'trial court sentenced him to “40 years imprisonment at hard labor with- at least two years imposed without benefit of parole, probation, or suspension of sentence” (emphasis added). The trial- court failed to clearly state a | (¡determined term for the restriction from benefits, as the words “at least” do not convey a specific length of time. Accordingly, we must vacate this sentence and remand the case for resentencing. See State v. Robichaux, 43,259 (La.App.2d Cir.06/04/08), 986 So.2d 826.
Conclusion
. For the reasons set forth herein, Ant-won Ledeale Thompson’s conviptions are affirmed. The sentences- for attempted second degree murder and attempted aggravated burglary are affirmed. The sentence for second degree kidnapping is vacated and remanded for resentencing. The Louisiana Appellate Project’s motion to withdraw is granted.
MOTION TO WITHDRAW GRANTED; CONVICTIONS AFFIRMED; SENTENCES FOR ATTEMPTED SECOND DEGREE MURDER AND ATTEMPTED AGGRAVATED BURGLARY AFFIRMED; SENTENCE FOR SECOND DEGREE KIDNAPPING VACATED AND REMANDED FOR RESEN-TENCING.