Judgment rendered August 9, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,172-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

Versus

TANIEL COLE                                 Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 377,844

Honorable Christopher T. Victory, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Edward K. Bauman

TANIEL COLE                            Pro Se

JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney

KODIE K. SMITH
BRITTANY B. ARVIE
JOHN C. PHILLIPS
Assistant District Attorneys

* * * * *

Before STEPHENS, THOMPSON, and ELLENDER, JJ.

**STEPHENS, J.**

This criminal appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana, the Honorable Christopher P. Victory, Judge, presiding. On April 20, 2022, defendant, Taniel Cole, was convicted by a unanimous jury of one count of attempted manslaughter, four counts of attempted second degree kidnapping, and one count of armed robbery with use of a firearm, with an additional penalty attached. A motion for post-verdict judgment of acquittal filed by Cole was denied at his sentencing, held on May 25, 2022.

Cole was sentenced to ten years at hard labor for attempted manslaughter; 20 years at hard labor for each of three counts of second degree kidnapping, at least two years of each sentence to be served without benefit of probation, parole, or suspension of sentence; 40 years at hard labor on the fourth count of second degree kidnapping, at least two years to be served without benefit of probation, parole, or suspension of sentence; and 75 years at hard labor on the armed robbery conviction, to be served without the benefit of probation, parole, or suspension of sentence, in addition to a five-year enhancement for use of a firearm. The trial judge ordered all sentences to run consecutive to one another, for a total sentence of 190 years. Cole's motion to reconsider sentence was denied, and this appeal ensued.

## FACTS/PROCEDURAL BACKGROUND

On August 11, 2020, defendant, Taniel Cole, had an argument with his fiancée, Rotaundra Lewis, at Ochsner-LSU St. Mary Medical Center ("St. Mary's") in Shreveport, Louisiana. Ms. Lewis's daughter had been hospitalized at St. Mary's since late July, having been diagnosed with

multisystem inflammatory syndrome in children ("MIS-C"), a disease linked to COVID-19. After the argument, Cole apparently left the facility, and Ms. Lewis asked the nurses on duty to keep Cole out of the child's room to minimize any further disturbances to her daughter, who was sleeping.

Cole returned to the hospital around 5:00 a.m. and was told by a nurse, Wesley Bray, that Ms. Lewis did not want him in the child's room. At that time, Cole pulled out a gun and forced Bray and two other nurses, Cheyanna Alford and Kelsey Simpson, to walk with him into Ms. Lewis's daughter's room. Once inside, Cole ordered the three nurses to lie on the floor, and he began arguing with Ms. Lewis. Mario Davenport, the father of the patient in the room next door, became concerned after waking up to the commotion being made by Cole, and he went to the nurses' station down the hall. Davenport and Katherine Scott, the floor supervisor, walked down the hall to Davenport's room. When Ms. Scott walked to Ms. Lewis's room to check on things, she saw Cole, armed with a weapon. Ms. Scott turned and ran down the hall towards the nurses' station to call 911. Cole took off running after her and fired at Ms. Scott as she ran. Davenport came out of his daughter's room, armed with a knife, and tried to disarm Cole. At that point, Cole shot Davenport in the leg.

Davenport stumbled into the Lewis hospital room, where nurses tended his gunshot wound in the middle of all of the chaos. Cole chased down Ms. Scott, who fell to the floor. He stood over her with the gun, and she pled for her life. Cole ran off, got into an elevator, and fled the building. Once outside, he saw Twyla Davis parking her car in a lot nearby. As she was headed to work, Cole was fleeing the hospital. Ms. Davis turned to get her things from the passenger seat, heard a voice say "ma'am," and when

she turned, saw Cole pointing a gun in her face. Cole instructed Ms. Davis to drive him to Ruston, but changed his mind when he heard on the radio that the authorities were looking for him. He then told Ms. Davis to drive to his home in Farmerville.

During the drive, Cole rifled through her purse and took her credit card and driver's license, telling her that he now knew where she lived. He also told Ms. Davis he had shot and killed some people. Cole took an envelope containing over $1,800 that she was planning to use to pay for her mother's surgery. He instructed her to turn her cell phone off and took it. Once in Farmerville, he had Ms. Davis drive to his house. She was allowed to use the bathroom while there. With Cole now driving, they went to Origin Bank, where Cole emptied his savings account before driving to a car lot. Cole was allowed to test drive a vehicle; he drove it off the lot and had Ms. Davis to follow him in her car. After driving a short distance, Cole pulled over to the side of the road, and Ms. Davis pulled over behind him.

Cole walked back to Ms. Davis's vehicle and gave her cellphone and driver's license back to her, although he kept her credit card and makeup bag. He then told her he would let her leave after telling her to keep quiet, reminding her that he knew exactly where she lived. Cole told Ms. Davis she would have a great story to tell her grandkids one day and sped off in the car he had taken for a test drive.

Cole was finally taken down by pit maneuver and removed from the wrecked vehicle by U.S. Marshals in Meridian, Mississippi. Ms. Davis's personal items were found in the wrecked vehicle. Cole was extradited to Caddo Parish and read his *Miranda* rights before he gave a recorded statement. He was charged by bill of information on September 15, 2020,

amended on April 18, 2022, with one count of attempted first degree murder, in violation of La. R.S. 14:27 and 14:30, four counts of second degree kidnapping, in violation of La. R.S. 14:44.1, and one count of armed robbery with a firearm, in violation of La. R.S. 14:64 and 14:4.3. Cole appeared with counsel, waived formal arraignment, and pled not guilty. A free and voluntary hearing was held on May 24, 2021, and Cole's statement was found to be both free and voluntary and thus admissible. A search of Cole's Farmerville residence led to discovery of a .357 Taurus revolver, determined to be the weapon used to shoot Davenport.

Trial began on April 18, 2022. A unanimous jury found Cole guilty of one count of attempted manslaughter, four counts of second degree kidnapping, and one count of armed robbery with a firearm. No presentence investigation ("PSI") report was ordered by the court. A motion for post-verdict judgment of acquittal was denied by the trial court on May 25, 2022. A habitual offender bill filed by the State was not pursued, and the trial court proceeded with sentencing. Cole was sentenced to ten years at hard labor for attempted manslaughter; 20 years at hard labor on each of three counts of second degree kidnapping, with at least two years to be served without benefit of probation, parole, or suspension of sentence; 40 years at hard labor for the fourth count of second degree kidnapping, with at least two years to be served without benefit of probation, parole, or suspension of sentence; and 75 years at hard labor on the armed robbery conviction, to be served without benefit of probation, parole, or suspension of sentence, in addition to the five-year firearm enhancement penalty, with all sentences to run consecutively to one another. A motion to reconsider sentence filed by Cole was denied by the trial court on June 24, 2022. Cole has appealed.

**DISCUSSION**

Cole's sole assignment of error is that the 190-year sentence imposed by the trial court is excessive by constitutional standards. Cole urges that his sentences were not individualized to him and were imposed without sufficient consideration of any mitigating circumstances, such as his age, health, and mental history. Further, the trial court gave no reason to justify the imposition of consecutive sentences. According to Cole, the 80-year sentence for armed robbery alone, as it was imposed without the benefit of parole, probation, or suspension of sentence, would result in the 44-year-old Cole being imprisoned until he was 124 years old. The consecutive nature of the sentences is clearly excessive, urges defense counsel.

However, Cole notes that there is an error patent that needs to be addressed by this Court which necessitates a remand to the trial court. In this case, when imposing sentence on the four convictions of second degree kidnapping, the trial court ordered that Cole serve 20 years at hard labor on each of three counts, and "[a]t least two of those years will be served without benefit of probation, parole, or suspension of sentence." Regarding the count that corresponded to the second degree kidnapping of Twyla Davis, the court sentenced Cole to 40 years at hard labor, to be served "at least two years without benefit of probation or suspension of sentence or parole[.]"

According to Cole, the trial court erred in failing to set a specific number of years that he would have to serve without benefits for each of the four sentences for second degree kidnapping, which makes them indeterminate, as the words "at least" do not convey a specific length of time. La. C. Cr. P. art. 879; *State v. Lewis*, 51,672 (La. App. 2 Cir. 11/15/17), 245 So. 3d 233, 248-48; *State v. Thompson*, 50,025 (La. App. 2

5

Cir. 9/30/15), 178 So. 3d 1058. Appellate counsel urges that the four sentences for second degree kidnapping should be vacated, and the matter remanded to the trial court for imposition of determinate sentences, as was done in *State v. Lewis*, *supra*. Thereafter, Cole should be able to appeal any sentences imposed.

The State argues that the trial court did not abuse its discretion in sentencing Cole to a cumulative sentence of 190 years because it considered and applied the factors of La. C. Cr. P. art. 894.1. Furthermore, Cole's sentence does not shock the sense of justice.

The State points out that had the maximum sentences been imposed for each of the crimes of conviction, defendant could have received a sentence totaling 284 years. Additionally, the State chose not to pursue enhancement of Cole's sentence under the habitual offender statute; had it done so, Cole's sentencing exposure would have been dramatically increased.

On the issue of the trial court's decision to impose consecutive sentences in this case, the State points out that when the convictions arise out of the same transaction or occurrence, La. C. Cr. P. art. 883 simply requires a judge to expressly direct that some or all of the sentences be served consecutively in order to justify the judge's decision. In this case, in sentencing the defendant, the trial court noted Cole's extensive criminal history. The State points out that the instant offenses were all committed with a dangerous firearm. Cole shot one of his victims, which resulted in his conviction of attempted manslaughter. All victims were put in fear for their lives. The facts show that Cole would continue to present an unusual risk of danger to the public, and as he had previously served time yet still ended up

6

committing the acts that got him convicted in the instant case, his own behavior negates the presumption that he has the potential for rehabilitation. The State asserts that the record overwhelmingly supports the imposition of consecutive sentences.

Regarding the error patent raised by Cole, the State agrees that the benefits portion of the sentences for second degree kidnapping are not determinate as currently worded, but urges this Court not to vacate Cole's entire sentence. Instead, the State suggests that only that portion of Cole's sentence that needs clarification be vacated and remanded for the trial court to specify the exact number of years to be served without benefit of parole, probation, or suspension of sentence (i.e., the four counts of second degree kidnapping). Otherwise, this Court should affirm the remainder of Cole's sentences as within the trial court's discretion, as they are clearly not excessive.

A trial court is required to impose a determinate sentence. La. C. Cr. P. art. 879; *State v. Thompson*, *supra* at 5, 178 So. 3d at 1061; *State v. Thomas*, 41,060, p. 5 (La. App. 2 Cir. 06/28/06), 935 So. 2d 345, 349. The sentencing provision for second degree kidnapping requires that at least two years of the sentence be served without probation, parole, or suspension of sentence. La. R.S. 14:44.1(C). This requires the trial judge to select and set a specific, determined term for the restriction of benefits. *State v. Thompson*, p. 6, 178 So. 3d at 349. As that was not done in this case, we will vacate the four sentences for the second degree kidnapping counts.

In *State v. Lewis*, *supra*, the defendant, Latilo Omar Lewis, was convicted of the first degree rape, attempted second degree murder, second degree kidnapping, and simple robbery of N.H. Lewis's terrorization of

7

N.H. began early one morning when she opened her front door to see what the weather would be like so she could dress appropriately. Instead, she found Lewis, crouched on her front porch, "like a lion getting ready to pounce on his prey." Lewis forced his way into N.H.'s home and subjected her to a day of brutal violence and torture. At one point he put a gun to her head and pulled the trigger. Luckily, the gun jammed. N.H.'s ordeal ended when she managed to get her hands on the gun and shoot Lewis, who sustained a serious injury. N.H. told Lewis she would go seek medical help for him, but instead drove to the sheriff's station, just a few blocks from her house, to report the crimes. Lewis called 911 from N.H.'s house and was airlifted to Jackson for treatment for his gunshot wound. He was later arrested and charged.

Following trial and Lewis's conviction by the jury,[1] the trial judge imposed the maximum sentences for each of Lewis's convictions: life imprisonment at hard labor without benefits for first degree rape; 50 years at hard labor for attempted second degree murder; 40 years at hard labor for second degree kidnapping; and seven years at hard labor for simple robbery. All sentences were ordered to be served concurrently in light of the fact that there was a mandatory sentence for first degree rape, although the judge observed that there was a good argument to be made that the sentences could have been imposed to run consecutively.

---

[1] The trial was delayed when, after presentation of all of the evidence and testimony, Lewis managed to escape from his jailers as they were escorting him from the jail to the courthouse. Some of the jurors, who had been looking out the windows in the jury room, saw Lewis as he was running. The trial proceeded in Lewis's absence, over the objection of defense counsel, whose motion for a mistrial was overruled. The trial judge noted that Lewis voluntarily absented himself and simply instructed the jury that the defendant had chosen not to be present for the remainder of the proceedings.

Although there was an error patent as to a portion of Lewis's sentence, this Court nonetheless performed an excessive sentence review.[2] *Id.,* pp. 15-18, 245 So. 3d 233, 245-46. This Court found no abuse of the trial court's discretion in sentencing Lewis, finding that the imposed maximum sentences were not constitutionally excessive in light of the facts of the case and Lewis's extensive criminal history.

One error patent noted was that the defendant's sentence for second degree kidnapping was indeterminate. As in the instant case, the trial court imposed the sentence "with at least two years to be served without benefit of parole, probation, or suspension of sentence." The *Lewis* court, citing *State v. Thompson*, *supra*, affirmed Lewis's sentences for first degree rape, attempted second degree murder, and simple robbery and vacated **only** the defendant's sentence for second degree kidnapping. The matter was remanded to the trial court for resentencing on that conviction only. *State v. Lewis*, p. 22, 245 So. 3d at 248.

In the instant case, we agree that the sentences for second degree kidnapping are indeterminate as a result of the trial court's failure to set a determined term for the restriction from benefits, as the words "at least" fail to convey a specific length of time. *See, State v. Lewis*, *supra*; *State v. Thompson*, *supra*. Therefore, we will vacate these four sentences and remand this case for resentencing on these convictions.

---

[2] No such review was performed in *State v. Thomas*, *supra*, possibly because that case involved an *Anders* brief and a defendant who failed or chose not to file a *pro se* brief. Thus, the appeal record was reviewed for errors patent only. *See, Id.*, p. 1, 178 So. 3d at 1059; *Anders v. State of California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *State v. Mouton*, 95-0981 (La. 4/28/95), 653 So. 2d 1176, 1177; *State v. Benjamin*, 573 So. 2d 528, 529 (La. App. 4 Cir. 1990).

We pretermit a review of the defendant's other sentences for excessiveness ***in this case***, however, because there is no justification on this record for the trial judge's imposition of consecutive sentences.

La. C. Cr. P. art. 883 provides in part that if the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively.

Concurrent sentences arising out of a single course of conduct are not mandatory, and consecutive sentences under those circumstances are not necessarily excessive. *State v. Davis*, 52,453 (La. App. 2 Cir. 2/27/19), 265 So. 3d 1194; *State v. Burns*, 44,937 (La. App. 2 Cir. 2/2/10), 32 So. 3d 261; *State v. Mitchell*, 37,916 (La. App. 2 Cir. 3/3/04), 869 So. 276, *writ denied*, 04-0797 (La. 9/24/04), 882 So. 2d 1168, *cert. denied*, 543 U.S. 1068, 125 S. Ct. 905, 160 L. Ed. 2d 801 (2005). It is within a trial court's discretion to order sentences to run consecutively rather than concurrently. When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. *State v. Davis*, *supra* at 8, 265 So. 3d at 1200; *State v. Mitchell*, *supra* at 19, 869 So. 2d at 288; *State v. Green*, 614 So. 2d 758 (La. App. 2 Cir. 1993). A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence of record. *State v. Mitchell*, *supra*; *State v. Strother*, 606 So. 2d 891 (La. App. 2 Cir. 1992), *writ denied*, 612 So. 2d 55 (La. 1993).

While it appears from this record that the sentences themselves are supported by reasons, we note that, at the end of its sentencing colloquy, the

10

trial court gave no articulated justification or explanation for the imposition of consecutive sentences in this case. This can be remedied easily on remand and thereafter reviewed on subsequent appeal to this Court when the sentences themselves are reviewed for excessiveness.[3]

## CONCLUSION

For the reasons set forth above, defendant Taniel Cole's convictions are affirmed. The sentences for second degree kidnapping are vacated and remanded for resentencing. The trial court is instructed to give reasons for its imposition of consecutive sentences.

**AFFIRMED. VACATED IN PART. REMANDED WITH INSTRUCTIONS.**

---

[3] We do note that the three sentences related to the kidnapping of the nurses in Cole's girlfriend's daughter's hospital room and the sentence related to his shooting of the man who tried to intervene would presumptively be concurrent under La. C. Cr. P. art. 883 as these crimes all happened at or around the same time. While not separated much in time, the sentence for the protracted kidnapping and armed robbery with a gun of Ms. Davis from the hospital parking lot have enough of a separate and distinct nature to justify being run consecutively to the sentence for Cole's actions inside of the hospital.

11